DA 10-0079

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 5N

RONALD VAUGHN,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DV 08-787B
                Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joseph P. Howard, Attorney at Law, Great Falls, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Tammy K. Plubell, Assistant
          Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney, Bozeman, Montana

                        Submitted on Briefs:  December 15, 2010

                                Decided:  January 18, 2011

Filed:

                  _____
                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ronald Vaughn (Vaughn) appeals from an order of the Eighteenth Judicial District Court, Gallatin County, denying his petition for postconviction relief. We affirm.

¶3 Vaughn raises the following issues on appeal:

¶4 Issue 1: Whether the District Court properly denied Vaughn's petition for postconviction relief after concluding that his trial counsel provided effective representation during jury selection?

¶5 Issue 2: Whether the District Court properly denied Vaughn's petition for postconviction relief after concluding that his appellate counsel provided effective representation during his criminal appeal?

¶6 In 2004, Vaughn was convicted by a jury of felony Driving While Under the Influence of Alcohol (DUI). He was designated a persistent felony offender and was sentenced to fifty years at Montana State Prison (MSP). In November 2008, Vaughn filed a petition for postconviction relief, arguing he received ineffective assistance of trial and appellate counsel. Specifically, Vaughn alleged trial counsel provided ineffective assistance of counsel by failing to challenge prospective juror Hawkes for cause, exercise a peremptory

2

challenge to remove Hawkes, or otherwise question Hawkes. Vaughn argued that appellate counsel rendered ineffective assistance of counsel by failing to assert on direct appeal that Vaughn's sentence constituted cruel and unusual punishment. The District Court denied the petition.

¶7 During jury selection, juror Hawkes was called to replace a juror who was excused for cause. Counsel for the State asked Hawkes whether he had heard anything up to that point upon which he wanted to comment. Hawkes responded: "Couple of things. First of all, drunk driving is a real pet peeve of mine and another thing is some of these roadside tests they give I couldn't do if I was stone cold sober. That's the only two things that I can think of." Hawkes subsequently commented that the use of video cameras by police was a good tool because he had "seen a lot of them where the cops were obviously in the wrong . . . so it works both ways." Vaughn's trial counsel asked potential jurors whether anyone was concerned that his or her feelings about DUI would cloud his or her judgment in that particular case. None of the jurors responded affirmatively. Hawkes was seated on Vaughn's jury.

¶8 At Vaughn's sentencing hearing, the State recommended that Vaughn be sentenced to forty years at MSP without the possibility of parole. Vaughn's appellate counsel represented him at sentencing and argued for a twenty year sentence at MSP, with ten years suspended. After reviewing Vaughn's extensive criminal history, the District Court sentenced Vaughn to fifty years at MSP, but did not restrict his parole eligibility. Vaughn did not directly appeal his sentence.

¶9    We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861. Ineffective assistance of counsel claims are reviewed de novo. *Id.*

¶10   The Sixth and Fourteenth Amendments to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee criminal defendants the right to effective assistance of counsel. *Id.* at ¶ 10. In analyzing ineffective assistance of counsel claims, we have adopted the test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), which requires that the defendant demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.*; *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The above test applies to both ineffective assistance of trial counsel and appellate counsel claims. *DuBray v. State*, 2008 MT 121, ¶ 31, 342 Mont. 520, 182 P.3d 753.

¶11   The District Court concluded that in light of all the circumstances—juror Hawkes' responses and demeanor during voir dire and trial counsel's trial strategy—trial counsel's decision not to challenge Hawkes for cause or exercise a peremptory challenge to strike Hawkes was not unreasonable and did not constitute ineffective assistance of trial counsel. Further, the District Court recognized that given Vaughn's extensive criminal history (spanning some twenty-one years), his status as a persistent felony offender, and his high likelihood to reoffend, his sentence did not constitute cruel and unusual punishment.

4

Therefore, it was reasonable for appellate counsel to attack other issues, instead of Vaughn's sentence, on direct appeal.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. The record supports the District Court's conclusion that Vaughn's trial and appellate counsel rendered effective assistance of counsel. Therefore, the District Court properly denied Vaughn's petition for postconviction relief.

¶13 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE